### Appointment of Out-of-State Agent by Game Commission

PACKEL, Attorney General, January 16, 1973.—We have received an inquiry from you seeking our advice concerning the authority of the commission to appoint out-of-State agents for the issuance of nonresident hunting licenses. Your inquiry dated December 29, 1972, refers specifically to a request by a large hunting equipment dealer in New Jersey which is interested in becoming an agent for the Commonwealth of Pennsylvania to issue nonresident licenses. You have indicated that it would be desirable to appoint a limited number of issuing agents in those States bordering the Commonwealth. It would also be a service to these

nonresidents, would be convenient for them, and provide them with accurate information on Pennsylvania hunting regulations.

It is our opinion, and you are advised, that the Commission has authority to appoint out-of-State agents for the issuance of nonresident hunting licenses, providing those agents furnish a bond as required by statute and that they have authority to conduct a business in their respective states.

The Game Law of June 3, 1937, P.L. 1225, as last amended, December 10, 1970 (Act. No. 282), by necessary implication authorizes the appointment of such out-of-State agents. Section 305, 34 PS §1311.305, provides, in part, as follows:

"The issuance of all hunting licenses shall be under the direct supervision of the commission, which shall designate the several county treasurers and such other issuing agents throughout the Commonwealth or *otherwise as it may find essential* to control the lawful issuance thereof." (Italics supplied.)

The provision for the appointment of agents in the Commonwealth "or otherwise" is totally useless and redundant if it does not provide the authority for the appointment of agents outside of the State where the commission finds that to be essential. The Commonwealth' does have agents working for it outside of the state, for example, it operates offices in Washington, D.C.

It is true that the Commonwealth has no extra-territorial authority and that its authority is limited solely to the Commonwealth. However, the Commonwealth is not attempting to regulate activities or individuals within out-of-State jurisdictions. It is merely providing service for individuals who will be coming into the State. A ". . . state may permit acts to be done outside its borders when the legal consequences

of such acts are to take place within the state": 81 C.J.S. States 861, §3, page 861.

As indicated above, nonresident agents would be required to give a bond to the Commonwealth in such sum as shall be fixed by the commission, but not less than $3,000, prior to receipt of the annual supply of licenses: 34 PS §1311.311. Care should be taken relative to the bond requirement so that each bond shall be signed by the principal obligor and by an attorney in fact or resident agent located within the Commonwealth of Pennsylvania and expressly approved by the Insurance Department of the Commonwealth to participate in the issuance of surety bonds effective in Pennsylvania. Also, such out-of-State issuing agents should submit satisfactory proof that they are authorized to conduct this type of business under the laws of their respective States prior to their appointment.